**EXHIBIT 1**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 3

FILED
5/23/2025 11:06 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05520
Calendar, 3
32841329

FILED DATE: 5/23/2025 11:06 AM 2025CH05520

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons** (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

JOHN DALY, PERRY A. BRUNO, and
MELISSA FURMAN, et al.

Plaintiff(s)

v.

Case No. 2025CH05520

KRAFT HEINZ FOOD COMPANY, LLC,

Defendant(s)

c/o: CT Corporation System, 208 S. LaSalle St.,
Ste 814, Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ⦿ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**              **(12/01/20) CCG 0001 B**

FILED DATE: 5/23/2025 11:06 AM  2025CH05520

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver.  For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone.  The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:  Your appearance date is NOT a court date.  It is the date that you have to file your completed appearance by.  You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

---

◉ Atty. No.: 63294

○ Pro Se 99500

Name:  Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Plaintiffs

Address:  707 Skokie Blvd., Suite 600

City:  Northbrook

State:  IL  Zip:  60062

Telephone:  224-218-0875

Primary Email:  steven.perry@toddflaw.com

Witness date _____

5/23/2025 11:06 AM Mariyana T. Spyropoulos

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 5/23/2025 11:06 AM  2025CH05520

### GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

#### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

#### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

#### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

#### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

#### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

#### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

#### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

#### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED
5/21/2025 1:11 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05520
Calendar, 3
32804702

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

**12-Person Jury**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

|  |  |
|---|---|
| JOHN DALY, PERRY A. BRUNO, and MELISSA FURMAN individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT HEINZ FOODS COMPANY, LLC,<br><br>Defendant. | Case No. **2025CH05520**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED**<br><br>Hearing Date: 7/21/2025 9:30 AM<br>Location: Court Room 2402<br>Judge: Price Walker, Allen |

Now come the Plaintiffs, John Daly, Perry A. Bruno, and Melissa Furman ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, and for their Class Action Complaint against the Defendant, Kraft Heinz Foods Company LLC ("Defendant"), Plaintiffs alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., Nevada Deceptive Trade Practices Act NRS 598, et seq., False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq*., Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq* common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its Products as containing no artificial preservatives, when they contain the artificial preservative lactic acid. Plaintiffs alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

**PARTIES**

2.      Plaintiff John Daly is an individual who resides in Chicago, Illinois.

3.      Plaintiff Perry A. Bruno is an individual who resides in Henderson, Nevada.

4.      Plaintiff Melissa Furman is an individual who resides in Tehama County, California.

5.      Defendant is a Pennsylvania limited liability company, whose principal place of business is located in Chicago, Illinois.

6.      At all times relevant hereto, Defendant was engaged in the marketing and sale of cheesecake dessert products.

**FACTS COMMON TO ALL COUNTS**

7.      Defendant advertises, markets, sells, and distributes cheesecake dessert products throughout Illinois, California, Nevada, and the United States.

8.      During the Class Period Defendant sold all flavors of its Philadelphia Cheesecake Crumble products (the "Products") labeled, marketed, and advertised as containing "No Artificial Preservatives", but which contained artificial lactic acid.

9.      The United Stated Food and Drug Administration ("FDA") defines the term chemical preservative as: "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. § 101.22.

10.     Defendant uses manufactured, artificial lactic acid in the Products.

11.     Manufactured lactic acid is produced through genetically engineered bacterial fermentation and acid base synthesis. Genetically engineered bacteria are fed a carbohydrate

2

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

feedstock like glucose or sucrose and excrete lactic acid as a part of their biological metabolic process.[1] Lactic acid is then collected and refined by removing dead bacteria cells through Rotary Drum Vacuum Filter.[2] Lactic acid is then purified and extracted by adding a calcium salt like calcium carbonate $CaCo_3$ (lime, chalk) to cause a spontaneous synthetic acid-base reaction between the calcium carbonate and the lactic acid.[3] The result of that synthetic reaction is the salt calcium lactate. To purify and successfully convert the calcium lactate to lactic acid an additional industrial chemical, sulfuric acid is added to produce lactic acid and calcium sulfate (gypsum) the gypsum is then collected, and the lactic acid can then be further purified with organic solvents.[4].

12.     Lactic acid functions in pH reduction, flavor enhancement, and microbial inhibition. Confectionery, bakery products, beer, wine, beverages, dairy products, dried egg whites, and meat products are examples of the types of products in which lactic acid is used. [5]

13.     Lactic acid when added to food tends to prevent or retard deterioration thereof, but is not common salt, sugar, vinegar, a spice, an oil extracted from spices, a substance added to food by direct exposure thereof to wood smoke, or a chemical applied for its insecticidal or herbicidal properties.

14.     Based on the forgoing allegations, lactic acid is a chemical that retards the deterioration of food products. Therefore, it is a chemical preservative.

15.     On May 6, 2025, Plaintiff John Daly purchased a Product two pack from Amazon.com from his home in Chicago, Illinois.

---

[1] Brin, *Biochem. Prepn.*, **3**, 61 (1953).
[2] G.K. Chotani et al., in *Handbook of Indus. Chem. & Biotech.*, 1495 (J.A. Kent et al. eds., Springer 2017).
[3] G.K. Chotani et al., in *Handbook of Indus. Chem. & Biotech.*, 1495 (J.A. Kent et al. eds., Springer 2017); A.O. Ojo & O. de Smidt, *Processes*, **11**, 688 (2023).
[4] *Id.*
[5] J.D. Dziezak, Acids: Natural Acids and Acidulants, in Encyclopedia of Food and Health 15, 15–18 (Benjamin Caballero et al. eds., Academic Press 2016), https://doi.org/10.1016/B978-0-12-384947-2.00004-0.

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

16.     On or about March 30, 2025, Plaintiff Perry A. Bruno purchased a two pack of Products from Amazon.com from his home in Henderson, Nevada.

17.     Perry A. Bruno is an elderly person who is older than sixty years of age.

18.     On or about February 11, 2025, Plaintiff one of the Products at a Walmart located in Tehama County, California.

19.     Plaintiffs, and reasonable consumers, understand that products labeled as containing No Artificial Preservatives will not contain any artificial preservatives.

20.     The following are pictures of the challenged labeling appearing on the side of the Products:

 

4

FILED DATE: 5/21/2025 1:11 PM    2025CH05520





21.     Persons, like Plaintiffs herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

22.     Plaintiffs, like reasonable consumers, do not understand food chemistry well enough to know if ingredients tend to prevent or retard deterioration of food by merely reviewing a product label.

23.     By making false and misleading claims about the contents of its Products, Defendant impaired Plaintiffs' ability to choose the type and quality of products they chose to buy.

5

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

24.     Therefore, Plaintiffs have been deprived of their legally protected interest to obtain true and accurate information about consumer products as required by law.

25.     As a result of Defendant's fraudulent labeling, Plaintiffs and the Class Members have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would not contain preservatives.

26.     As a result of Defendant's fraudulent labeling, Plaintiffs and the Class paid a price premium for premium Products, but instead received non-premium Products.

27.     Plaintiffs and the Class Members purchased Defendant's Products because Defendant's advertising claimed that the Products did not contain artificial preservatives.

28.     Plaintiffs and the Class Members have been deprived of the benefit of their bargain, namely, that they would receive Products that do not contain artificial preservatives.

29.     Plaintiffs and the Class members paid a price premium to receive premium products based on Defendant's no artificial preservatives labeling, but instead received non-premium Products that contain artificial preservatives.

30.     Alternate, similar, products are sold without "no artificial preservatives" labeling without a price premium. For example, a similar cheesecake crumble dessert product is sold for approximately $0.27 per ounce compared to Defendant's Products which are sold for approximately $0.64 per ounce.[6]

---

[6] bettergoods Cheesecake Fudge Caramel Crumble Gelato, 16 fl oz (Frozen), Walmart, https://www.walmart.com/ip/5321127804 (last visited May 20, 2025); Philadelphia Cherry Cheesecake Crumbles, 2 ct Pack, 3.25 oz Cups, Walmart, https://www.walmart.com/ip/140192217 (last visited May 20, 2025).

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

31.     Plaintiffs did not understand that the Products they purchased contained an artificial preservative at the time of their purchase because they do not have an advanced understanding of chemistry.

32.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as containing "no artificial preservatives", Plaintiffs could not have known that the Products contained an artificial preservative.

33.     Plaintiffs were unaware that the Products contained an artificial preservative when they purchased them.

34.     Worse than the lost money, Plaintiffs, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

35.     Defendant, and not Plaintiffs, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as containing "no artificial preservatives" was false, deceptive, and misleading, and that Plaintiffs, the Class, and Sub-Class members would not be able to tell the Products they purchased contained an artificial preservative unless Defendant expressly told them.

36.     On information and belief, Defendant did know that Products contained an artificial preservative but chose to label the Products with "no artificial preservative" labeling because it did not believe its customers were well educated enough to know the difference.

37.     On information and belief, Defendant employs professional chemists to create the chemical formulas of the Products, therefore, Defendant through its employees knew or should have known that lactic acid retards the deterioration of food products and is therefore a chemical preservative.

38.     On information and belief, Defendant has been in possession of manufacturing specifications for the lactic acid ingredients it added to its products, and therefore knew that the lactic acid it added to the Products was produced synthetically.

39.     As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

      a.     Lost money;

      b.     Wasting Plaintiffs' time; and

      c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

40.      Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

41.     Plaintiff John Daly also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Illinois Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

42.     Plaintiff Perry A. Bruno brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Nevada Sub-Class") defined as follows:

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

FILED DATE: 5/21/2025 1:11 PM    2025CH05520

> All persons within the State of Nevada who purchased the Products
> within five years prior to the filing of the original Complaint through
> the date of class certification

43.     Plaintiff Perry A. Bruno also brings this action on behalf of himself and all others similarly situated, as a member of the proposed Nevada elderly sub-class (the "Nevada Elderly Sub-Class"), defined as follows:

> All elderly persons within the State of Nevada who purchased the
> Products within five years prior to the filing of the original
> Complaint through the date of class certification.

44.     Plaintiff Melissa Furman brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "California Sub-Class") defined as follows:

> All persons within the State of California who purchased the
> Products within four years prior to the filing of the original
> complaint through the date of class certification.

45.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

    a.     Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

    b.     There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

FILED DATE: 5/21/2025 1:11 PM    2025CH05520

    i.    Whether Defendant disseminated false and misleading information by claiming the Products contained "no artificial preservatives";

    ii.    Whether the Class and Sub-Class members were informed that the Products contained an artificial preservative;

    iii.    Whether the Products contained an artificial preservative;

    iv.    Whether Defendant's conduct was unfair and deceptive;

    v.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    vii.    Whether there should be a tolling of the statute of limitations; and

    viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiffs' claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Classes.

e.    Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Classes and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Classes.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Classes members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.     Defendants have acted on grounds generally applicable to the entire Class and Sub-Classes, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Classes as a whole.

46.     Defendant, its employees and agents are excluded from the Class and Sub-Classes. Plaintiffs do not know the number of members in the Class and Sub-Classes, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

47.     The size and definition of the Class and Sub-Classes can be identified by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***
**(On behalf of the Class and Illinois Sub-class)**

48.     Plaintiffs incorporates all of the allegations and statements made in Paragraphs 1 through 47 above as if fully reiterated herein.

11

49.     Plaintiff John Daly is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

50.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

51.     815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

52.     Through its representation that the Products contained no artificial preservatives, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff John Daly rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

53.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

54.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including,

12

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

but not limited to, 815 ILCS 505/2.

55.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

56.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.      An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.      An order certifying the undersigned counsel as the Class and Illinois Sub-Class Counsel;

c.      An order requiring Defendant, at its own cost, to notify all members of the Class and the Illinois Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.      Judgment against Defendant in an amount to be determined at trial;

e.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.      Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.      Any other relief deemed just and proper by this Court.

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

FILED DATE: 5/21/2025 1:11 PM    2025CH05520

## COUNT II
## COMMON LAW FRAUD
### (On behalf of the Class and all Sub-classes)

57.     Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 47 above as if fully reiterated herein.

58.     Through its false statements that the Products contain "No Artificial Preservatives" Defendant made false statements of material fact.

59.     At the time Defendant made its statements to Plaintiffs that the Products did not contain artificial preservatives, it knew, or reasonably should have known, that the statements described above were false.

60.     At the time Defendant made the statements to Plaintiffs, Defendant intended to induce Plaintiffs to purchase the Products.

61.     Plaintiffs relied upon the truth of the statements described above and purchased the Products, only to find that the Product he purchased contained synthetic preservatives.

62.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiffs and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a.   An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representatives of the Class and the Sub-Class;

14

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

b.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.  Judgment against Defendant in an amount to be determined at trial;

e.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.  Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.  Any other relief deemed just and proper by this Court.

**COUNT III**
**UNJUST ENRICHMENT**
**(On behalf of the Class and all Sub-Classes)**

63.  Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 47 above as if fully reiterated herein.

64.  Plaintiffs conferred monetary benefits to Defendant by purchasing the Products.

65.  Defendant has been unjustly enriched by retaining the revenues derived from Plaintiffs' purchase of the Products based on the false statements that the Products contained "no preservatives".

66.  Defendant's retention of the revenue it received from Plaintiffs, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiffs, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained a

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

preservative.

67. Defendant's unjust retention of the benefits conferred on it by Plaintiffs, and the Class and Sub-Class members, entitles Plaintiffs, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a.  An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representatives of the Class and the Sub-Class;

b.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.  Judgment against Defendant in an amount to be determined at trial;

e.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.  Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.  Any other relief deemed just and proper by this Court.

## **COUNT IV**
## **VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT, NRS 598,** *et seq*
## **(On behalf of the Class and the Nevada Sub-class and Nevada Elderly Sub-Class)**

68. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 47 above as if fully reiterated herein.

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

69.     Nev. Rev. Stat. § 598.0915 states:

A person engages in a "deceptive trade practice" if, in the course of
his or her business or occupation, he or she:
5. Knowingly makes a false representation as to the characteristics,
ingredients, uses, benefits, alterations or quantities of goods or
services for sale or lease or a false representation as to the
sponsorship, approval, status, affiliation or connection of a person
therewith.
7. Represents that goods or services for sale or lease are of a
particular standard, quality or grade, or that such goods are of a
particular style or model, if he or she knows or should know that
they are of another standard, quality, grade, style or model.
9. Advertises goods or services with intent not to sell or lease them
as advertised.

70.     Through its representation that the Products were "Natural Artesian Water",

Defendant made false representations as to the characteristics of the Products.

71.     Through its representation that the Products were natural, Defendant made false

representations that the Products were of a particular standard.

72.     Through its representation that the Products were natural, Defendant advertised the

Products with intent not to sell them as advertised.

73.     Nev. Rev. Stat. § 41.600 states:

1. An action may be brought by any person who is a victim of
consumer fraud.
2. As used in this section, "consumer fraud" means:
(e) A deceptive trade practice as defined in NRS 598.0915 to
598.0925, inclusive;
3. If the claimant is the prevailing party, the court shall award the
claimant:
(a) Any damages that the claimant has sustained;
(b) Any equitable relief that the court deems appropriate; and
(c) The claimant's costs in the action and reasonable attorney's fees.

74.     In taking the actions and omissions set forth above, and making the false

representations of material facts set forth above, Defendant violated the Nev. Rev. Stat. §

17

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

598.0915. As a result, Plaintiffs, and the class and subclass members are victims of consumer fraud as defined by Nev. Rev Stat. § 41.600.

75.     By reason thereof, Plaintiffs, the class, and sub-class, are entitled to a judgment against Defendant, declaring that Defendant's conduct violated Nev. Rev. Stat. § 598.0915, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

76.     Additionally, Plaintiff is an "elderly person" as defined by Nev. Rev. Stat. § 598.0933, because he is a person who is older than 60 years of age.

77.     In taking the actions and omissions set forth above, and making the false representations of material facts set forth above, Defendant violated the Nev. Rev. Stat. § 598.0915. By reason thereof, Plaintiff and the subclass members are entitled to a judgement against Defendant, actual damages, punitive damages, and reasonable attorney fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs prays for a judgment against Defendant as follows:

    a.  An order certifying the Class and the Nevada Sub-Class and appointing Plaintiffs as Representatives of the Class and the Nevada Sub-Class;

    b.  An order certifying the undersigned counsel as the Class and Nevada Sub-Class Counsel;

    c.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

    d.  Judgment against Defendant in an amount to be determined at trial;

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

e.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.  Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.  Any other relief deemed just and proper by this Court.

## COUNT V
## VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING ACT
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)
### (On behalf of the Class and the California Sub-Class)

78.  Plaintiffs incorporate by reference each allegation set forth above in paragraphs 1 through 47.

79.  Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

80.  California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

81.  Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Products with labeling claiming the Products contained "no artificial ingredients" and made false representations to Plaintiffs and other putative class members in order to solicit these transactions.

82.  Specifically, Defendant claimed the Products "no artificial ingredients" when the Products contained artificial lactic acid.

83.  Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class and Sub-Class Members.

84.  As a direct and proximate result of Defendant's misleading and false advertising, Plaintiffs and the other Class Members have suffered injury in fact and have lost money or

19

property. Plaintiffs reasonably relied upon Defendant's fraudulent statements regarding the Products, namely that they did not know the Products contained artificial ingredients. In reasonable reliance on Defendant's omissions of material fact and false advertisements, Plaintiffs and other Class and Sub-Class Members purchased the Products. In turn Plaintiffs and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiffs and other Class Members have suffered injury in fact.

85. Plaintiffs allege that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

86. Defendant advertised to Plaintiffs and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products contain "no artificial ingredients"

87. Defendant knew that the Class Products did in fact contain artificial lactic acid.

88. Thus, Defendant knowingly sold Class Products to Plaintiffs and other putative class members that contained artificial lactic acid and were not as advertised.

89. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class and Sub-Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the California Sub-Class and appointing Plaintiffs as Representatives of the Class and the California Sub-Class;

FILED DATE: 5/21/2025 1:11 PM 2025CH05520

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

b.  An order certifying the undersigned counsel as the Class and California Sub-Class Counsel;

c.  An order requiring Defendant, at its own cost, to notify all members of the Class and the California Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.  Judgment against Defendant in an amount to be determined at trial;

e.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.  Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.  Any other relief deemed just and proper by this Court.

## COUNT VI
## VIOLATIONS OF UNFAIR BUSINESS PRACTICES ACT
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)
### (On behalf of the Class and California Sub-Class)

90.  Plaintiffs incorporate by reference each allegation set forth above in paragraphs 1 through 47.

91.  Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

92.  California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein

21

also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

93.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

94.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and members of the Class have suffered injury in fact due to Defendant's decision to sell them fraudulently labeled products (Class Products). Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the members of the Class and Sub-Class.

95.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiffs and members of the Class that the Class Products contained "no artificial preservatives" in order to induce them to spend money on said Class Products. In fact, knowing that Class Products, by their objective terms contained artificial lactic acid, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiffs would receive from this feature is nonexistent, when this is typically never the case in situations involving consumer products. Thus, the injury suffered by Plaintiffs and the members of the Class and Sub-Class is not outweighed by any countervailing benefits to consumers.

96.     Finally, the injury suffered by Plaintiffs and members of the Class and California Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, fraudulently labeled the Class Products as containing "no artificial preservatives" the Plaintiffs, Class members, and Sub-Class Members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiffs and Class and Sub-Class members that the Class Products contained artificial lactic acid and are not as advertised as a result. As such, Defendant took advantage of Defendant's position of perceived

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

FILED DATE: 5/21/2025 1:11 PM    2025CH05520

power in order to deceive Plaintiffs and the Class members to purchase the products. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

97. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

98. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

99. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

100. Here, not only were Plaintiffs and the Class and Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiffs agreed to purchase Class Products at a price premium even though the Products contained artificial lactic acid. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

101. As explained above, Defendant deceived Plaintiffs and other Class Members by labeling the Products containing "no artificial preservatives" when in fact the Products contain artificial lactic acid.

102. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

103. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

23

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

104.    As explained above, Defendant deceived Plaintiffs and other Class Members by labeling the Products as containing "no artificial preservatives" when in fact the Products contain artificial lactic acid.

105.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class and Sub-Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.

106.    Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiffs and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

107.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Class and Sub-Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class and Sub-Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

    a.   An order certifying the Class and the California Sub-Class and appointing Plaintiffs as Representatives of the Class and the California Sub-Class;

    b.   An order certifying the undersigned counsel as the Class and California Sub-Class Counsel;

    c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the California Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

d.   Judgment against Defendant in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.   Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiffs prevail on any of their claims in this action.

RESPECTFULLY SUBMITTED,

JOHN DALY, PERRY A. BRUNO and MELISSA FURMAN

_____

Todd M. Friedman
Attorney for Plaintiffs
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com

_____

Steven G. Perry

25

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

Attorney for Plaintiffs
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Steven.perry@toddflaw.com

26

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand

(Rev. 12/01/20) CCG 0067

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY _____ DEPARTMENT/ 1ST _____ DISTRICT

FILED
5/21/2025 1:11 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05520
Calendar, 3

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

JOHN DALY, PERRY A. BRUNO and MELISSA FURMAN,

v.

KRAFT HEINZ FOODS COMPANY, LLC,

No. 2025CH05520

Filer Selected Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

### JURY DEMAND

The undersigned demands a jury trial.

_____
**(Signature)**

❏ Atty. No.: 63294

Name: Steven G. Perry

Atty. for: Plaintiffs

Address: 707 Skokie Blvd., Suite 600

City/State/Zip: Northbrook, IL 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

**Dated:** May 21, 2025

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

For updated information about your case, including hearings, subsequent filings, and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

Case: 1:25-cv-00685 Document #: 1-2 Filed: 06/26/25 Page 32 of 33 PageID #:44

FILED
5/21/2025 1:11 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05520
Calendar, 3

Filer Selected Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

Appearance and Jury Demand *                                    (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY _____ DEPARTMENT/ 1ST DISTRICT

JOHN DALY, PERRY A. BRUNO and MELISSA FURMAN,

Plaintiff

v.

KRAFT HEINZ FOODS COMPANY, LLC,

Defendant

Case No. **2025CH05520**

Claimed $: _____

Return Date: _____ Time: _____

Court Date: _____ Room No.: _____

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND *

☑ General Appearance

☑ Jury Demand *

☑ 0900 - Fee Paid
☐ 0908 - Trial Lawyers Appearance - No Fee
☐ 1900 - Appearance and Jury Demand/Fee Paid
☐ 1904 - Appearance and Jury Demand/No Fee Paid

☐ 0904 - Fee Waived

☐ Twelve-person Jury
☐ Six-person Jury

The undersigned enters the appearance of:   ● Plaintiff   ○ Defendant

Litigant's Name: John Daly, Perry A. Bruno and Melissa Furman

Signature: /s/ _____

☑ Initial Counsel of Record      ☐ Pro Se (Self-represented)      ☐ 2810 Rule 707 Out-of-State Counsel (pro hac vice)

☐ Additional Appearance      ☐ Substitute Appearance

● Atty. No.: 63294      ○ Pro Se 99500

Name: Steven G. Perry

Atty. for (if applicable):

Plaintiff, John Daly

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL   Zip: 60062   Phone: (224) 218-0875

Primary Email: steven.perry@toddflaw.com

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attornies) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____   _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ _____
Attorney for   ● Plaintiff   ○ Defendant

## Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois

**cookcountyclerkofcourt.org**

Page 1 of 1

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

FILED
5/21/2025 1:11 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05520
Calendar, 3

Filer Selected Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 5/21/2025 1:11 PM   2025CH05520

Chancery Division Civil Cover Sheet
General Chancery Section                                            (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JOHN DALY, PERRY A. BRUNO, and MELISSA FURMAN,

                                                    Plaintiff

                    v.                                          Case No: __2025CH05520__

KRAFT HEINZ FOODS COMPANY, LLC,

                                                    Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division.  The information contained herein is for administrative purposes only.  Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 ☐ Administrative Review | 0017 | ☐ Mandamus |
| 0001 ☑ Class Action | 0018 | ☐ Ne Exeat |
| 0002 ☐ Declaratory Judgment | 0019 | ☐ Partition |
| 0004 ☐ Injunction | 0020 | ☐ Quiet Title |
| | 0021 | ☐ Quo Warranto |
| 0007 ☐ General Chancery | 0022 | ☐ Redemption Rights |
| 0010 ☐ Accounting | 0023 | ☐ Reformation of a Contract |
| 0011 ☐ Arbitration | 0024 | ☐ Rescission of a Contract |
| 0012 ☐ Certiorari | 0025 | ☐ Specific Performance |
| 0013 ☐ Dissolution of Corporation | 0026 | ☐ Trust Construction |
| 0014 ☐ Dissolution of Partnership | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 ☐ Equitable Lien | | |
| 0016 ☐ Interpleader | | ☐ Other (specify) _____ |

◉ Atty. No.: __63294__          ○ Pro Se 99500

Atty Name: __Steven Perry, Law Offices of Todd M. Friedman, PC__

Atty. for: __Plaintiffs__

Address: __707 Skokie Blvd., Suite 600__

City: __Northbrook__          State: __IL__

Zip: __60062__

Telephone: __224-218-0875__

Primary Email: __steven.perry@toddflaw.com__

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's
Clerk's Office Electronic Notice Policy and
choose to opt in to electronic notice from the
Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**